The opinion of the court on the original hearing was delivered by Egan, J., and on the rehearing by Spencer, J.
Egan, J.
The only facts material to the issues in this proceeding-are the following: The plaintiff, a judgment creditor of the defendants,, sued out a writ of fieri facias under which the sheriff seized and adver *1068 Used for sale — -to use the language of his return and of the notice of ¡seizure and advertisement, all of which are accordant — “ All the right, title, and interest of Gustave Joseph Freret and William Peter Freret as heirs at law of the succession of their late father, James P. Freret; their ■said interest in said succession consisting of one undivided twenty-sixth ■piart to each of them in and to the property hereinafter described, to witthen follows the specific description in detail of three certain portions of ground in the city of New Orleans, numbered from one to three; •fourth, a certain mortgage note; and, fifth, sundry bills receivable. The property was separately appraised ; No. 1 at-$1500 ; No. 2 at $1800 ; No. 3 at $8000; No. 4 at $250, and No. 5 at $25 cash, making the appraisement of the undivided interest of the defendants in the whole property thus seized, appraised, and advertised for sale amount to the sum of $3175. At the sale the entire interest of both defendants, as thus described, was bid in by J. H. Lagroue, for the sum of S2125, a few dollars more than two thirds of the appraisement. Lagroue not having ■complied with the terms of sale, and the sheriff not having completed the adjudication by making title, the present rule was taken by the plaintiff to compel them to do so. The mode of seizure adopted was, to ■say the least of it, very unusual. Although the sheriff professed to ■seize all the right, title, and interest of the heirs in the succession, he describes that interest in all the proceedings, as we have seen, to be one -undivided twenty-sixth part to each of them, in and to specific property; and thereupon the sheriff proceeded to have each piece of property, and -the interest of the defendant heirs in each piece of property, separately ■appraised, just as though they held it in indivisión by any other right or title, and not merely as succession rights subject to the settlement of the succession. It is not true to say of an heir that he is interested as •such in any proportion -in any or all of the properly of the succession. If he be heir, he is interested in proportion to the number of heirs in the ¡succession as an entirety, subject to its settlement and the payment of its debts. It is that interest, and that only, which as an incorporeal right is allowed to be seized and sold under article 647 of the Code of Practice. See Noble vs. Nettles, 3 R. 152; Mayo vs. Stroud, 12 R. 105; Diamond vs. Courtney, 12 Annual, 251. In the present case the appraisement which regulated the sale was not that of the right of the heirs, but of specific interests in specific property, appraised for the purposes of ■the sheriff’s sale separately, and as though the interest of these heirs were as well ascertained and as definitely fixed, with regard to each piece of property appraised, as'if it were held by them as joint owners •with other co-proprietors. While it is as necessary, then, to appraise for •the purposes of forced sale the incorporeal thing, the right or interest ■of an heir in a succession, and while for that purpose it is proper to *1069 take into account the property of which the succession consists, it is not that property or any specific or proportionate interest in it which is subject to seizure and to sale, and consequently to appraisement with that view ; but it is simply the right or interest of the heir in the entirety, the succession, and subject to its settlement and the payment of its debts and charges, which should be appraised, as it alone can be seized or sold. This was not done in the present case, and without it the sale was not lawful, and can not be enforced; practically, the purchaser was made by this appraisement to pay for what he did not get, and might never get. That it was not the right of the heir which was appraised, is manifest, as in order to do that it was necessary to take into account not merely the value of the succession property, but also the amount of the debts and charges to which it was subject.
The court below discharged the rule at .the cost of the plaintiff.
The judgment is correct, and is affirmed.